IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02843-BNB

SOCRATES ULYSSES PACKER,

    Applicant,

v.

GARY WILSON, the Director Under Manager of Safety,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Socrates Ulysses Packer, is detained in the Denver County Jail. He initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 1], on October 17, 2013. Mr. Packer has paid the $5.00 filing fee.

Mr. Packer alleges in the Application that on February 11, 2013, the Denver District Attorney filed a four-count Criminal Complaint and Information against him in the Denver District Court. He asserts the following claims in the Application: (1) the Denver District Court lacks jurisdiction and venue over the criminal charges because the alleged offenses occurred in Arapahoe County, Colorado; (2) the Information is deficient, in violation of his federal Constitutional rights; (3) the Denver District Attorney lacked authority to initiate a criminal prosecution for crimes committed outside the County of Denver; (4) the state district court improperly reviewed the county court's finding of probable cause to bind Applicant over for trial; and (5) the state district court failed to provide him with a free transcript of the preliminary hearing. For relief, Mr. Packer

requests dismissal of the state criminal action.

The Court must construe the application liberally because Mr. Packer is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Packer's application for habeas corpus relief arises under 28 U.S.C. § 2241 because he is a pretrial detainee. *See Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008); *Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). However, Mr. Packer has sued an improper respondent. The only proper respondent in a habeas corpus action is the prisoner's custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

Furthermore, the Application fails because absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). To establish extraordinary or special circumstances, a state criminal defendant must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. Abstention under *Younger* is appropriate if three conditions are met: "(1) there is an ongoing state criminal, civil or administrative proceeding; (2) the state court provides an adequate forum to hear the claim raised in the federal complaint; and (3) the state proceeding involves important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319

F.3d 1211, 1215 (10th Cir. 2003).

The first condition is met because Mr. Packer's allegations indicate that the criminal charges remain pending against him in his state court criminal case. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). With respect to the third condition, Mr. Packer fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.

Mr. Packer "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). The fact that Mr. Howard may be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the

unjustified and oppressive use of multiple prosecutions.

*Id.* It is Mr. Packer's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* at 890.

Mr. Packer fails to demonstrate that the criminal case against him was commenced with no reasonable hope of success. Indeed, he alleges that the state court made a finding of probable cause following a preliminary hearing. [Doc. # 1, at 7]. Mr. Packer also fails to demonstrate any improper motivation for the charges. Finally, there is no indication that the criminal case has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. Therefore, the Court finds that *Younger* abstention is appropriate in this action.

Finally, the Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Packer files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. # 1], filed October 17, 2013, is DENIED and the action is DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. Mr. Packer may file a motion in the Tenth Circuit.

DATED at Denver, Colorado, this  22nd  day of   October  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court